IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 16-01697 |
| Garvey Court Holdings, LLC, | ) | Chapter 7 |
| | ) | Judge Jacqueline P. Cox |
| Debtor. | ) | |

**INTERIM ORDER PURSUANT TO SECTIONS 105, 361, 362, 363, 364
AND 721 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002,
4001 AND 9014: (1) AUTHORIZING THE TRUSTEE TO OPERATE THE BUSINESS
UNDER SECTION 721 OF THE BANKRUPTCY CODE; (2) AUTHORIZING THE
TRUSTEE'S USE OF CASH COLLATERAL; (3) AUTHORIZING POST-PETITION
FINANCING, (4) GRANTING POST-PETITION LIENS AND PROVIDING
SUPERPRIORITY ADMINISTRATIVE EXPENSE PRIORITY; (5) MODIFYING
THE AUTOMATIC STAY; AND (6) SCHEDULING A FINAL HEARING**

Upon the motion (the "*Motion*"),[1] dated March 25, 2016 [D.R. No. 104], of Gregg Szilagyi, duly

appointed trustee (the "*Trustee*") of the estate of Garvey Court Holdings, LLC (the "*Debtor*"), pursuant to

sections 105, 362, and 364 of Title 11, United States Code (the "*Bankruptcy Code*") and in accordance

with Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and

Rule 4001-2 of the Local Bankruptcy Rules for the Northern District of Illinois (the "*Local Rules*"), in

the above captioned chapter 7 case, for entry of an interim order (this "*Interim Order*"), granting the

following relief on an interim basis including:

      a)     authorizing the Trustee to operate the Debtor's business, including, without
limitation, the Property (defined below), in accordance with the terms and provisions of this
Interim Order and the Budget (defined below);

      b)     authorizing the Trustee's use of cash collateral of LCP North Clark LLC
("*LCP*"), subject to the terms and provisions of this Interim Order and the Budget;

      c)     approving the Trustee's consummation of a proposed post-petition loan facility
(the "*Post-Petition Loan Facility*") with LCP Chicago DIP, LLC, as post-petition lender (the
"*Lender*"), consistent with the terms and provisions set forth in that certain *Summary of Terms
and Conditions For Proposed $500,000 Senior Secured Superpriority Post-Petition Credit*

---

[1]    Capitalized terms used in this Interim Order, but not defined herein, shall have the meanings ascribed to
such terms in the Term Sheet (as defined below), or in the Motion.

*Facility*, dated March 21, 2016 ("***Term Sheet***"), annexed to the Motion as Exhibit C, pursuant to which the Lender would provide a post-petition term loan credit facility of up to $500,000.00, with an anticipated initial draw of $125,000.00 on an interim basis pending entry of a final order;

      d)      authorizing the Trustee to execute a proposed "Post-Petition Credit Agreement" and all other agreements, documents, certificates, and instruments executed and/or delivered with, to, or in favor of the Lender, each as amended and in effect from time to time (collectively with the Post-Petition Credit Agreement, the "***Post-Petition Loan Documents***"), and to perform such other acts as may be necessary or desirable in connection therewith;

      e)      granting the Lender valid, automatically perfected, and enforceable first priority priming liens upon substantially all of the Debtor's assets to the extent set forth in the Post-Petition Credit Agreement (the "***Post-Petition Liens***") to secure the obligations owing under the Post-Petition Credit Agreement;

      f)      granting the Lender allowed superpriority administrative expense claims for all obligations owing to the Lender under the Post-Petition Credit Agreement, subject to the Carveout (as defined herein);

      g)      granting the Trustee authority to pay the principal, interest, fees, expenses, and other amounts payable under the Post-Petition Loan Documents as such become due, including, the reasonable and documented fees and disbursements of the Lender's attorneys, advisers, accountants, and other consultants, all to the extent provided in and in accordance with the terms of the Post-Petition Loan Documents;

      h)      approving the Milestones, as defined in the Motion;

      i)      waiving any applicable stays under the Bankruptcy Rules, including, without limitation, under Bankruptcy Rule 6004(h), and provide for the immediate effectiveness of this Interim Order;

      j)      modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Post-Petition Loan Facility and this Interim Order; and

      k)      scheduling a hearing (the "***Final Hearing***"), pursuant to Bankruptcy Rule 4001(c)(2), to consider entry of a final order granting the relief requested in this Motion on a final basis;

and the Court having reviewed the Motion and held a hearing with respect to the Motion on March 31, 2016 (the "*Interim Hearing*"); upon the Motion and the record of the Interim Hearing, and all objections, if any, to the entry of this Interim Order having been withdrawn, resolved, or overruled by this Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

### III.   Procedural Findings of Fact

E.      **Petition Date.**  On or about January 20, 2016 (the "**Petition Date**"), an involuntary petition was filed with the Clerk of the Court. On February 17, 2016, this Court entered an order for relief in the Debtor's Chapter 7 case. On or about that date, the Trustee was appointed and duly qualified to administer the assets of this estate.

F.      **Jurisdiction and Venue.**  This Court has jurisdiction over these proceedings, pursuant to 28 U.S.C. §§ 157(b) and 1334, and over the persons and property affected hereby.  Consideration of the Motion constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

G.      **Notice.**  The Interim Hearing is being held pursuant to the authorization of Bankruptcy Rule 2002, 4001(b), (c), and (d) and Rule 9014, and the Local Rules.  Notice of the Interim Hearing and the emergency relief requested in the Motion has been provided by the Trustee, to certain parties in interest, including: (i) the United States Trustee; (ii) counsel to the Lender; (c) each person or entity known to the Trustee to assert a lien against the Property; (d) those parties on the Trustee's special notice list; and (e) each of the Debtor's creditors as listed in the schedule of assets and liabilities; and (f) any party that has filed a notice of appearance and request for notices herein.

### IV.   Findings Regarding the Trustee's Request for Authorization to Continue to Operate and Use Cash Collateral

D.      The continued operation of the Debtor's business on a limited basis, and for a limited period of time, is in the best interests of the Debtor's estate and is consistent with the orderly liquidation of the estate. Affording the Trustee to authority to continue such operations will maximize the value of the Debtor's assets for all interested stakeholders, and is otherwise fair and equitable under the circumstances.

E.      In the Motion, the Trustee has asserted that he does not have sufficient available sources

of working capital and financing to carry on the normal course operation of the business without use of LCP's cash collateral. In addition, the Trustee has argued that the need for use of cash collateral is critical and immediate. In the absence of the use of LCP's cash collateral, in combination with access to the proposed Post-Petition Loan Facility, the continued operation of the Debtor's business and achieving a successful outcome for all stakeholders will not be possible, and serious and irreparable harm to the Debtor and its estate would occur. As set forth in the Motion, LCP consents to the Trustee's use of its cash collateral in accordance with the terms of this Interim Order and the Budget.

V.      **Findings Regarding the Post-Petition Financing.**

F.      **Need for Post-Petition Financing**. In addition to the continued use of LCP's cash collateral as provided above, an immediate need exists for the Trustee to obtain additional funds under the Post-Petition Loan Facility in order to continue operations and to administer and preserve the value of the estate and its assets. The ability of the Trustee to finance operations, to preserve and maintain the value of the Debtor's assets, and to maximize a return for all creditors requires the availability of working capital from the Post-Petition Loan Facility, the absence of which would immediately and irreparably harm the Debtor's estate and creditors.

G.      **No Credit Available on More Favorable Terms**. The Trustee has been unable to obtain any of the following:

(1)      unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense,

(2)      credit for money borrowed with priority over any or all administrative expenses of the kind specified in sections 503(b) or 507(b) of the Bankruptcy Code,

(3)      credit for money borrowed secured solely by a lien on property of the estate that is not otherwise subject to a lien, or

(4)      credit for money borrowed secured by a junior lien on property of the estate which is subject to a lien, in each case, on more favorable terms and conditions than those provided in the Post-Petition Loan Documents and this Interim Order.

H.      **Adequacy of the Budget**. The Budget, attached to the Motion as Exhibit B, is adequate, considering all the available assets, to pay the administrative expenses due and accruing during the period

covered by this Interim Order.  During the period within which the Trustee is authorized to operate the Debtor's business, the Budget may be amended by agreement of the Trustee and the Lender, so long as it conforms to the terms the Post-Petition Loan Facility and the orders of this Court approving the Motion.

I.      **Section 552 of the Bankruptcy Code.**  In light of its agreement to subordinate its liens and superpriority claims (1) only to the Carveout, in the case of Lender, the Lender is entitled to: (a) upon entry of the Final Order, a waiver of the provisions of section 506(c) of the Bankruptcy Code, and (b) all rights and benefits of section 552(b) of the Bankruptcy Code and, upon entry of the Final Order, the Trustee shall not assert that the "equities of the case" exception shall apply.

J.      **Business Judgment and Good Faith Pursuant to Section 364(e) of the Bankruptcy Code.** The terms and conditions of Trustee's use of LCP's cash collateral and the Post-Petition Loan Facility and the Post-Petition Loan Documents: (i) are fair, reasonable, and the best available under the circumstances, (ii) reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and (iii) are supported by reasonably equivalent value and consideration. The terms under which the Trustee proposes to use LCP's cash collateral and the terms of the Post-Petition Loan Facility were each negotiated in good faith and at arms' length between the Trustee, LCP and the Lender, and the use of the proceeds to be extended under the Post-Petition Loan Facility will be so extended in good faith, and for valid business purposes and uses, as a consequence of which both LCP and the Lender are entitled to the protections and benefits of section 364(e) of the Bankruptcy Code.

K.      **Relief Essential; Best Interest.** The relief requested in the Motion (and as provided in this Interim Order) is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of the Debtor's assets. It is in the best interest of Debtor's estate that the Trustee be allowed to (i) use LCP's cash collateral according to the Budget and (ii) establish the Post-Petition Loan Facility contemplated by the Post-Petition Loan Documents. The Trustee has demonstrated good and sufficient cause for the relief granted herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The Motion is granted in accordance with the terms and conditions set forth in this Interim Order and the Post-Petition Loan Documents.

## I.     AUTHORIZATION TO CONTINUE OPERATIONS AND USE CASH COLLATERAL

2.     Pursuant to section 721 of the Bankruptcy Code, the Trustee is hereby authorized to operate the Debtor's business on through and including September 1, 2016, which authorization is without prejudice to the Trustee's right to request additional time to the extent that it may become appropriate to do so.

3.     The Trustee is authorized to continue its use LCP's cash collateral in accordance with the Budget. The Trustee shall not knowingly or intentionally incur any administrative expenses other than as set forth in the Budget, without the prior written consent of LCP or approval by the Court after notice to LCP and a hearing.

## II.     APPROVAL OF POST-PETITION FINANCING

### A.     Approval of Entry into the Post-Petition Loan Documents

3.     The Trustee is authorized to execute and deliver the Post-Petition Loan Documents and to incur and to perform the post-petition obligations thereunder in accordance with, and subject to, the terms of this Interim Order and the Post-Petition Loan Documents, and to execute and deliver all instruments, certificates, agreements, and documents which may be required or necessary for the performance by the Trustee under the Post-Petition Loan Facility and the creation and perfection of the post-petition liens described in and provided for by this Interim Order and the Post-Petition Loan Documents.

4.     The Trustee is hereby authorized to do and perform all acts, pay the principal, interest, fees, expenses, and other amounts described in the Post-Petition Loan Documents as such become due, including, without limitation, reasonable attorneys', financial advisors' and accountants' fees, and disbursements as provided for in the Post-Petition Loan Documents, which amounts shall not otherwise be subject to approval of this Court. Upon execution and delivery, the Post-Petition Loan Documents

shall represent valid and binding obligations of the Trustee enforceable against the Trustee in accordance with their terms.

**B.**    **Authorization to Borrow**

5.    In order to enable it to continue to operate the business during the period between the entry of this Interim Order and the conduct of the Final Hearing (the "***Interim Period***"), and subject to the terms and conditions of this Interim Order, the Post-Petition Loan Documents, and the Budget (subject to any variances thereto permitted thereunder), the Trustee is hereby authorized to borrow up to a total committed amount of $500,000.00 in accordance with the terms and conditions of the Post-Petition Loan Documents, but only up to $125,000.00 during the Interim Period.

**C.**    **Post-Petition Liens**

6.    Effective immediately upon the entry of this Interim Order, the Lender is hereby granted pursuant to sections 361, 362, 364(c)(2), 364(c)(3), and 364(d) of the Bankruptcy Code, priming first priority, continuing, valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interests and liens (collectively, the "***Post-Petition Liens***") senior and superior in priority to all other secured and unsecured creditors of the Debtor's estate except as otherwise provided in this Interim Order, upon and to all of the "***Collateral***" (as such term is defined in the Post-Petition Credit Agreement).

7.    The Post-Petition Liens shall secure all obligations and the proceeds of the Collateral shall be applied in the same order and priority set forth in the Post-Petition Loan Documents. The Post-Petition Liens shall not be made subject to or *pari passu* with any Lien or security interest by any court order heretofore or hereafter entered in the Debtor's Chapter 7 case and shall be valid and enforceable upon the dismissal of thereof. The Post-Petition Liens shall not be subject to sections 510, 549, 550, or 551 of the Bankruptcy Code or the assertion by the Trustee of the "equities of the case" exception of section 552 of the Bankruptcy Code, and, upon entry of the Final Order, shall not be subject to section 506(c) of the Bankruptcy Code.

**D.    Protection of the Lender and Other Rights**

8.    From and after the Petition Date, the Trustee shall use the proceeds of the extensions of credit under the Post-Petition Loan Facility only for the purposes specifically set forth in the Post-Petition Loan Documents and this Interim Order, and in compliance with the Budget (subject to any permitted variances).

**E.    Superpriority Administrative Claim Status**

9.    Subject to the Carveout, all Post-Petition Obligations shall be an allowed superpriority administrative expense claim (the "*LCP Superpriority Claim*") with priority under sections 364(c)(1), 503(b), and 507(b) of the Bankruptcy Code and otherwise over all administrative expense claims and unsecured claims against the Debtor's estate, now existing or hereafter arising, of any kind or nature whatsoever including, without limitation, administrative expenses of the kinds specified in, arising, or ordered pursuant to sections 105, 503(a), 503(b), 507(a), 507(b), 546(c), 546(d), 552(b), and 726 of the Bankruptcy Code, and, upon entry of a Final Order, section 506(c) of the Bankruptcy Code.  Other than the Carveout, no costs or expenses of administration, including, without limitation, professional fees allowed and payable under sections 328, 330, and 331 of the Bankruptcy Code, or otherwise, that have been or may be incurred, and no priority claims are, or will be, senior to, prior to, or on a parity with the Post-Petition Obligations and/or the LCP Superpriority Claim, or with any other claims of the Lender arising hereunder.

**III.    POST-PETITION LIEN PERFECTION**

10.    This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Post-Petition Liens without the necessity of filing or recording any financing statement, deed of trust, mortgage, security agreement, notice of lien, or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement or securities account control agreement) to validate or perfect the Post-Petition Liens or to entitle the Post-Petition Liens to the priorities granted herein.

11.     Notwithstanding the foregoing, the Lender may, in its discretion, file such financing statements, deeds of trust, mortgages, security agreements, notices of liens, and other similar instruments and documents, and is hereby granted relief from the automatic stay of section 362 of the Bankruptcy Code in order to do so, and all such financing statements, deeds of trust, mortgages, security agreements, notices of liens, and other similar instruments and documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Interim Order. The Trustee shall execute and deliver to the Lender all such financing statements, deeds of trust, mortgages, security agreements, notices of liens, and other similar instruments and documents as the Lender may reasonably request to evidence, confirm, validate, or perfect, or to ensure the contemplated priority of, the Post-Petition Liens granted pursuant hereto. The Lender, in its discretion, may file a photocopy of this Interim Order as a financing statement with any recording office designated to file financing statements or with any registry of deeds or similar office in any jurisdiction in which the Debtor has real or personal property, and in such event, the subject filing or recording office shall be authorized to file or record such copy of this Interim Order.

## IV.    CARVEOUT AND PAYMENT OF PROFESSIONALS

12.     In the event that the result of this aforementioned sale motion is that an LCP-sponsored credit bid is found to be the highest and best bid for the Property, then LCP has agreed to pay in cash (solely to the extent that the funds in the Debtor's estate are insufficient to do so), and the Post-Petition Liens and LCP Superpriority Claim are subordinate only to the following (collectively, the "*Carveout*"):

(a)     all statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) plus interest, if any, pursuant to 31 U.S.C. § 3717;

(b)     all actually accrued and unpaid expenditures for reasonable fees, disbursements, costs and expenses incurred by counsel the Trustee, to the extent allowed at any time by final order of the Bankruptcy Court through the date of sale of the Property;

(c)     any commission due to any broker employed by the Trustee in connection with the sale of the Property, to the extent allowed at any time by final order of the Bankruptcy Court; and

(d)     all actually accrued and unpaid statutory commissions earned by and awarded to the Trustee, to the extent allowed at any time by final order of the Bankruptcy Court.

13.     Nothing herein shall be construed as consent by either the Lender to the allowance of any professional fees and Trustee commissions, nor shall it affect the right of the Lender to object to the allowance and payment of such fees and expenses.

## V.     EVENTS OF DEFAULT / REMEDIES

**A.     Rights and Remedies Upon Event of Default**

14.     Any automatic stay otherwise applicable to the Lender is hereby modified so that (i) after the occurrence of any Event of Default under the Post-Petition Loan Documents, the Lender may accelerate the Post-Petition Obligations without further order of the Court, and (ii)(A) after the occurrence of any Event of Default or (B) at any time thereafter during the continuance of such Event of Default, upon five (5) days' prior written notice of such occurrence, in each case given to each of (i) counsel to the Trustee and (ii) the Office of the United States Trustee, and all parties who have appeared in the bankruptcy case, the Lender shall be entitled to exercise its rights and remedies in accordance with the Post-Petition Loan Documents.

15.     Following the giving of written notice by the Lender of the occurrence of an Event of Default, the Trustee shall be entitled to an emergency hearing before this Court solely for the purpose of contesting whether an Event of Default has occurred. If the Trustee does not contest the occurrence of an Event of Default and therefore the right of the Lender to exercise its remedies, or if the Trustee does timely contest the occurrence of an Event of Default and the Court after notice and hearing declines to stay the enforcement thereof, the automatic stay as to the Lender shall automatically terminate at the end of such five (5) day notice period. Nothing in this paragraph shall prevent parties identified in paragraph 14 from contesting the occurrence of a declaration of default. Furthermore, all parties reserve their rights to object to the entry of a Final Order, including the right to object to future expenditures by the Trustee pursuant to further budgets. Except as expressly provided in this Interim Order and the Term Sheet, nothing contained in this Interim Order or any documents executed in furtherance of the Interim Order, including, but not limited to the Post-Petition Loan Documents, shall affect or be construed to affect any

right, title or interest that 77 West Wacker Drive, LLC has or may have in or in connection with the Property.

**B.**     **No Waiver of Remedies**

16.     The delay in or the failure of the Lender to seek relief or otherwise exercise its rights and remedies shall not constitute a waiver of any of the Lender's rights and remedies. Notwithstanding anything herein, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair the rights and remedies of the Lender under the Bankruptcy Code or under non-bankruptcy law.

## VI.     CERTAIN LIMITING PROVISIONS

**A.**     **Section 506(c) Claims and Waiver**

17.     Nothing contained in this Interim Order shall be deemed a consent by the Lender to any charge, lien, assessment, or claim against the Collateral or the Post-Petition Liens, under section 506(c) of the Bankruptcy Code or otherwise; provided, however, that during the Interim Period there shall be no waiver of section 506(c) of the Bankruptcy Code. As a further condition of the Post-Petition Loan Facility and any obligation of the Lender to make credit extensions pursuant to the Post-Petition Loan Documents, upon entry of the Final Order, the Trustee (and any successor thereto or any representative thereof) shall be deemed to have waived any rights or benefits of section 506(c) of the Bankruptcy Code, subject to the Carve-Out.

**B.**     **Proceeds of Subsequent Financing**

18.     If, at any time prior to the irrevocable repayment in full of all Post-Petition Obligations and the termination of the Lender's obligations to make loans and advances under the Post-Petition Loan Facility, the Trustee shall obtain credit or incur debt pursuant to sections 364(c)(1) or 364(d) of the Bankruptcy Code, then all of the cash proceeds derived from such credit or debt shall immediately be turned over to the Lender and applied in reduction and repayment of the Post-Petition Obligations until such obligations shall have been paid in full.

**C.     Prohibited Orders**

19.     Unless the Lender has provided its prior written consent or all Post-Petition Obligations have been irrevocably paid in full in cash (or will be irrevocably paid in full in cash upon entry of an order approving indebtedness described herein, or other arrangements for the payment of the Post-Petition Obligations satisfactory to the Lender have been made), it shall be an Event of Default under the Post-Petition Facility if the Court enters any order that authorizes any of the following:

(a)     Any modification, stay, vacation or amendment to this Interim Order to which the Lender has not consented;

(b)     A priority claim or administrative expense or unsecured claim against the Debtor's estate (now existing or hereafter arising or any kind or nature whatsoever, including, without limitation, any administrative expense of the kind specified in sections 105, 364(c), 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), or 726 of the Bankruptcy Code) equal or superior to the priority claim of the Lender in respect of the Post-Petition Obligations, except with respect to the Carveout; or

(c)     Any Lien on any Collateral having a priority equal or superior to the Lien securing the Post-Petition Obligations, except with respect to the Carveout.

## VII.     OTHER RIGHTS AND OBLIGATIONS

**A.     Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Interim Order**

20.     Based on the findings set forth in this Interim Order and in accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order are hereafter modified, amended, or vacated by a subsequent order of this or any other court, both LCP and the Lender are entitled to the protections provided in section 364(e) of the Bankruptcy Code and, no such appeal, modification, amendment, or vacation shall affect the validity and enforceability of any use of cash collateral and/or advances made under the Post-Petition Loan Dcouments or the Post-Petition Liens or priority authorized or created hereby.

21.     Notwithstanding any such modification, amendment, or vacation, any claim granted to the Lender hereunder arising prior to the effective date of such modification, amendment, or vacation of any protections granted to LCP and the Lender shall be governed in all respects by the original provisions of this Interim Order, and LCP and the Lender shall be entitled to all of the rights, remedies, privileges,

and benefits granted herein, with respect to any such claim. Since the loans made pursuant to the Post-Petition Loan Facility are made in reliance on this Interim Order, the obligations owed the Lender prior to the effective date of any stay, modification, or vacation of this Interim Order shall not, as a result of any subsequent order in this case, be subordinated, lose their lien priority or superpriority administrative expense claim status, or be deprived of the benefit of the status of the liens and claims granted to the Lender under this Interim Order and/or the Post-Petition Loan Documents.

**B.    Binding Effect**

22.    The provisions of this Interim Order shall be binding upon and inure to the benefit of the LCP, Lender, the Trustee, and their respective successors and assigns.

**C.    No Third Party Rights**

23.    Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

**D.    No Marshaling**

24.    The Lender shall be not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Collateral.

**E.    Section 552(b) of the Bankruptcy Code**

25.    Lender shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and the Trustee shall not assert that the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall apply to the Lender with respect to proceeds, product, offspring or profits of any of the Collateral.

**F.    Amendments**

26.    The Trustee and the Lender may amend, modify, supplement, or waive any provision of the Post-Petition Loan Documents to make non-material changes to such agreements without further approval of the Court. Except as set forth above, all waivers, modifications, or amendments of any of the provisions hereof shall not be effective unless set forth in writing, signed by on behalf of the Trustee and the Lender and approved by the Court.

**G.**     **Inconsistency**

27.     In the event of any inconsistency between the terms and conditions of the Post-Petition

Loan Documents and this Interim Order, the provisions of this Interim Order shall govern and control.

**H.**     **Enforceability**

28.     This Interim Order shall constitute findings of fact and conclusions of law pursuant to

Bankruptcy Rule 7052 and shall take effect and be fully enforceable immediately upon execution hereof.

**I.**     **Objections Overruled**

29.     All objections to the Motion to the extent not withdrawn or resolved, are hereby

overruled.

**J.**     **Waiver of Any Applicable Stay**

30.     Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is

hereby waived and shall not apply to this Interim Order.

**K.**     **Headings**

31.     The headings in this Order are for purposes of reference only and shall not limit or

otherwise affect the meaning of this Order.

**L.**     **Retention of Jurisdiction**

32.     The Court has and will retain jurisdiction to enforce this Interim Order according to its

terms.

**VIII.   FINAL HEARING**  *(4-27-16 at 1:30 pm.)*

33.     The Final Hearing to consider final approval of the Post-Petition Loan Facility is

scheduled for April 2?, 2016 at 1?:?0 a.m. (prevailing Central time) before the Honorable Jacqueline P.

Cox, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Northern District of

Illinois, Eastern Division, located at 219 S. Dearborn, Chicago, IL 60604.  If no objections to the relief

sought at the Final Hearing are filed and served in accordance with this Interim Order, no Final Hearing

may be held, and a separate final order granting the relief requested in the Motion may be presented by

the Trustee and entered by this Court.

14

34.     On or before April 5, 2016, the Trustee shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "*Final Hearing Notice*"), together with copies of this Interim Order and the Motion, on: (a) counsel for the Lender, Riemer & Braunstein LLP, located at 71 South Wacker Drive, Suite 3515, Chicago, IL 60606, Attn: Jeffrey D. Ganz, Esq., Email: jganz@riemerlaw.com; (b) counsel for LCP, Riemer & Braunstein LLP, located at 71 South Wacker Drive, Suite 3515, Chicago, IL 60606, Attn: Jeffrey D. Ganz, Esq., Email: jganz@riemerlaw.com; (c) the parties having been given notice of the Interim Hearing; (d) any party which has filed prior to such date a request for notices with this Court; (e) any party known to assert a lien on any of the Collateral; and (f) the Office of the United States Trustee.  The Final Hearing Notice shall state that any party in interest objecting to final approval of the relief requested in the Motion shall file written objections with the Clerk of the Bankruptcy Court no later than April 25, 2016 at 4:00 p.m. (prevailing Central time), which objections shall be served so that the same are received on or before such date by: (a) counsel for the Trustee; (b) counsel for the Lender and LCP; (c) any party which has filed prior to such date a request for notices with this Court; and (d) the Office of the United States Trustee. On or before April 20, 2016, the Trustee will circulate a budget and proposed Final Order in connection with the Motion.

Dated: March 31, 2016

Jacqueline P. Cox
J. Cox
_____
UNITED STATES BANKRUPTCY JUDGE

Interim DIP Order-revised